**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Michael D. Turner,** )  | **CASE NO. 1:18 CV 1699** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Ohio Department of** ) | |
| **Rehabilitation and Correction,** ) | |
| ) | |
| **Defendant.** ) | |

**INTRODUCTION**

*Pro se* Plaintiff Michael D. Turner filed this action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff is currently incarcerated in the Belmont Correctional Institution, having been convicted in 1982 in two criminal cases, Case Nos. CR-82-172991 and CR-82-173937, in the Cuyahoga County Court of Common Pleas on charges of aggravated robbery, robbery, attempted murder, rape, felonious assault, and escape. He was sentenced in Case No. CR-82-172991 to consecutive sentences of 7 to 25 years on three counts; 5-25 years on two counts; and 2-5 years on one count, with the minimum sentence being reduced to 15 years per statute for a total aggregate sentence of 15-155 years. He was sentenced in Case No. CR-82-173937 to consecutive terms of 7-25 years on four counts with the minimum sentence being reduced to 15 years for a total aggregate sentence of 15-100 years. His sentences in the two cases appear to be running concurrent to each other.

Plaintiff appears to assert that all of his sentences should have all been run concurrent to each other, resulting in the completion of his maximum sentences in 2007. He indicates his sentence for escape was separate from the others and he completed it in 2012. He seeks release from incarceration and correction of his sentence calculation.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

Plaintiff is clearly challenging his sentence and the validity of his continued confinement. He seeks release from prison. For this purpose, his sole remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A Complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a Petition for Writ of Habeas Corpus for Plaintiff to challenge the legality of his confinement. *Id*.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

     /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 11/26/18